THE STATE OF OHIO, APPELLEE, *v.* WENTWORTH, APPELLANT.

(No. 77-788—Decided May 3, 1978.)

*Mr. Thomas A. Luebbers,* prosecuting attorney, *Mr. Paul J. Gorman* and *Mr. Frank T. Prouty, Jr.,* for appellee.

*Mr. Everett E. Landen,* for appellant.

STEPHENSON, J. Appellant asserts he was entitled to discharge upon his motion made at commencement of trial by reason of the failure of the state to try him within the 90-day period set forth in R. C. 2945.71(B)(2).[2] The pivot-

[2]The pertinent provisions of the applicable statutes are as follows:
R. C. 2945.71 provides:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or

al issue thus presented is whether the trial court's order, although entered within the 90-day period prescribed in R. C. 2945.71(B), continuing the case for trial to a date six months after the pre-trial, and 196 days after arrest, and doing so by utilizing a form entry giving the reason for continuance as a crowded docket, without further explication in the record, was permissible as a "reasonable continuance granted other than upon the accused's own motion" pursuant to R. C. 2945.72(H). We hold it was not and reverse the Court of Appeals.

In summary, this court has held that R. C. 2945.71 through 2945.73 implement the constitutional right of speedy trial and set forth mandates to which strict adherence is required, that the burden to timely try a defendant rests upon the prosecution and trial courts and that a defendant is not required to either demand a timely trial or object to a trial setting outside the periods set forth in R. C. 2945.71 and is to be accorded the benefits of time limitations prescribed therein. *State* v. *Singer* (1977), 50 Ohio St. 2d 103; *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66; *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *State* v. *Cross* (1971), 26 Ohio St. 2d 270.

This court has held further, however, that the prescribed times for trial set forth in R. C. 2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R. C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R. C. 2945.71 time prescriptions. *State* v. *Lee* (1976), 48 Ohio St. 2d 208; *State* v. *Davis* (1976), 46 Ohio St. 2d 444.

---

other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

R. C. 2945.72 provides:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"\* \* \*

"(H) \* \* \*the period of any reasonable continuance granted other than upon the accused's own motion."

Specifically, with respect to R. C. 2945.72(H), this court has held that the time limitation is not properly extended as a "reasonable continuance granted other than upon the accused's own motion" where the court failed to set a date for trial within the 90-day period established by R. C. 2945.71(B)(2), allowed the 90 days to expire and thereafter, *sua sponte,* ruled that the presence of a crowded docket warranted a continuance. *State* v. *Pudlock, supra.* In *Pudlock,* at page 106, the court stated the following:

"Although court congestion may be a valid ground under subsection (H) for extending an accused's trial date beyond the time periods provided for by R. C. 2945.-71, which we do not now decide, *practices which undercut the implementation of the 'speedy trial' provisions within R. C. 2945.71 and 2945.75 must not be employed to extend the requisite time periods."* (Emphasis added.)

Subsequently, in *State* v. *Lee, supra,* this court upheld a continuance by the trial court pursuant to R. C. 2945.72(H), where the court, by order entered within the 90-day time limit prescribed in R. C. 2945.71, continued the case for trial to a date two days in excess of the prescribed 90-day period and stated the reason in the continuance order as a "crowded docket and judge's conference."

In so holding, the court, however, stated the following at page 209:

"The record of the trial court must in some manner affirmatively demonstrate that a *sua sponte* continuance by the court was reasonable in light of its necessity or purpose. *Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned.* Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy-trial statutes." (Emphasis added.)

The lengthy continuance herein considered stands in marked contrast to the facial reasonableness of the continuance approved in *Lee.* Indeed, the above statement

from *Lee* was directed against a continuance of the nature granted in this cause, *i. e.*, one entered upon the bare-bones declaration of a crowded docket to a trial date more than double the period prescribed in R. C. 2945.71(B)(2).

Nevertheless, we are not prepared to hold that any continuance of the length granted here, based upon docket congestion, is unreasonable regardless of attendent circumstances and conditions. We do conclude, however, that where the continuance is of such length that it is facially unreasonable and seriously open to question, and thus outside the rationale upon which *Lee* is based, the attendant facts and circumstances must be included in the record in sufficient detail so that the necessity and reasonableness of the continuance is demonstrable. Such requirement of explication in the record in applying R. C. 2945.72 is not novel. See *State* v. *Messenger* (1976), 49 Ohio App. 2d 341.[3] For this court to require less is to foreclose effective appellate review and, of necessity, to undercut a meaningful judicial implementation of R. C. 2945.71 through 2945.73.

---

[3]We do not undertake in this appeal to identify those factors or circumstances attendant to docket congestion which would justify a continuance. Without suggesting agreement, it is noted that the A. B. A. Standards Relating To Speedy Trial (Tent. Draft 1967) approve a continuance for the reason of docket congestion only where the congestion is not chronic but "attributable to exceptional circumstances." Section 2.3(b), at page 25, and Commentary, at page 27.

The Court of Appeals below in affirming the trial court described the continuance as approaching "the outer limit of such circumstances." Subsequently, in *City of Cincinnati* v. *Paytes* (No. C-76588, August 17, 1977), unreported, upon facts identical to the instant cause, except the continuance therein was eight and one-half months, the Court of Appeals reversed for the same reason the reversal herein is based. It adhered, however, to its affirmance of the instant cause. The difference between a continuance of eight and one-half months as opposed to six months in a second degree misdemeanor case is, in our view, a distinction without difference for R. C. 2945.71 through 2945.73 implementation. (The court in *Paytes* cites the instant cause as *"State* v. *Fambry."* John Fambry and Timothy Wentworth were jointly tried and convicted of the same offense and their appeals heard together in the Court of Appeals.)

Because the necessity and reasonableness of the continuance is not sufficiently supported in the record herein, the continuance for the reason stated was insufficient to extend the required time in which appellant should have been tried, and he was entitled to discharge upon his motion.

Accordingly, the judgment of the Court of Appeals is reversed, and the defendant is ordered discharged pursuant to R. C. 2945.73(B).

*Judgment reversed and defendant discharged.*

O'NEILL, C J., CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT, J., concurs in the judgment.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.

HERBERT, J., concurs in the judgment. I do not believe it is necessary to rely upon so-called speedy trial statutes in order to protect appellant's constitutional rights. The length of the continuance and the circumstances surrounding it provide sufficient grounds for this order of reversal. *State* v. *Pugh* (1978), 53 Ohio St. 2d 153, 155.