The STATE of Ohio, Appellee,

v.

SOTO, Appellant.

[Cite as *State v. Soto* (1994), 96 Ohio App.3d 743.]

Court of Appeals of Ohio,
Wayne County.

No. 2872.

Decided Sept. 7, 1994.

*Jocelyn Stefancin,* Assistant Prosecuting Attorney, for appellee.

*Daniel Lutz,* Assistant Public Defender, for appellant.

BAIRD, Judge.

This cause comes before the court upon the appeal of Dennis Soto from the judgments of the Wayne County Municipal Court, denying his motion to dismiss for failure to provide a speedy trial, convicting him of criminal trespass, and fining him $100. We affirm.

On August 17, 1993, Soto was charged with one count of criminal trespass and was summoned to appear for a hearing at the Wayne County Municipal Court in Orrville, Ohio. At that hearing, Soto entered a plea of not guilty and trial was set for September 16, 1993. On September 8, the state requested a continuance because the complaining witness was unavailable for trial. Upon that motion, the court rescheduled the trial for November 3.

Soto failed to appear for trial on that date. He was arrested on November 5, and trial was rescheduled for December 1, 1993. Soto and his attorney were already scheduled to appear on that date for the trial of another matter in the Wooster branch of the same court. Soto requested a continuance, and the court rescheduled trial of this matter for January 24, 1994. At Soto's request, a pretrial conference was set for January 7.

On December 30, 1993, Soto filed a motion to dismiss the case for the state's failure to accord him his right to a speedy trial. The trial court denied both that motion and Soto's subsequent motion for reconsideration. On January 24, 1994, Soto changed his plea to no contest, whereupon the court found him guilty as charged and imposed a fine.

Soto now appeals, asserting a single assignment of error:

"The trial court erred when it denied the defendant-appellant's motion to dismiss for failing to provide the defendant-appellant a speedy trial pursuant to his rights under R.C. 2945.71 through 2945.73, and as guaranteed by Section 10, Article I, Ohio Constitution and the Sixth Amendment to the United States Constitution."

Soto argues that, because his trial occurred more than forty-five days after the issuance of the summons, the trial court was required to dismiss the charges for failure to provide a speedy trial. He acknowledges that the statutory time period is extended by the period of the continuances made necessary by the unavailability of the complaining witness and by his own failure to appear. He also acknowledges that, ordinarily, the time for trial is extended by the period of a

continuance granted upon the accused's motion. He advocates, however, an exception to that rule in this case. Though his discussion is difficult to follow, he appears to offer two arguments to support his position: one statutory and the other constitutional.

The first argument Soto offers is that the period of the final continuance should be charged to the state because the court's scheduling mistake made the continuance necessary. His second argument is that, even if the statute requires that the time for trial be tolled by reason of his motion for a continuance, constitutional concerns mandate that the trial be scheduled within a reasonable period.

R.C. 2945.71(B) provides:

"A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days[.]"

Pursuant to R.C. 2945.72, the time for trial may be extended only for enumerated reasons. It provides:

"The time within which an accused must be brought to trial * * * may be extended only by the following:

"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state * * *;

" * * *

"(D) Any period of delay occasioned by the neglect or improper act of the accused;

" * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"[1]

This court finds no reason to assign blame for the scheduling of the two trials. The fact that there was a scheduling conflict provides no justification for

---

1.  Section 10, Article I of the Ohio Constitution provides: "In any trial, in any court, the party accused shall be allowed * * * to have * * * a speedy public trial * * *." The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

charging the resulting continuance to the state. It is undisputed that the continuance was granted upon Soto's own motion. It is clear, on the face of the statute, that such a continuance tolls the period within which the trial must occur. Nevertheless, the length of time for which an accused must wait for trial, even upon his own motion, must still be reasonable.

The Constitutions of Ohio and the United States both secure the right of an accused to a speedy trial. In *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the Supreme Court adopted a balancing test for use in determining whether a defendant was denied the right to a speedy trial. The court identified four factors to be considered in determining whether a defendant's right to a speedy trial was violated: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2191, 33 L.Ed.2d at 116–117.

Soto alleges that eighty-five days are chargeable to the state between the date of his initial summons and the date on which the ultimate trial was scheduled to begin. This represents a forty-day delay beyond the statutory allowance. Consequently, assuming *arguendo* that his allegation is correct, the first *Wingo* factor weighs in Soto's favor. The second factor, however, weighs heavily in the state's favor. The delay between December 1, 1993 and January 24, 1994 was occasioned by Soto's own motion. Moreover, had he appeared for the trial set for November 3, 1993, no further delay would have been necessary. There is nothing in the record to suggest that the length of the final continuance was caused by the state's action or inaction.

Similarly, while it is true that the third *Wingo* factor weighs in Soto's favor because he asserted his right to a speedy trial, the fourth factor weighs heavily in favor of the state. "In evaluating the fourth factor set forth in *Wingo,* prejudice to the defendant, three interests must be considered: prevention of oppressive pretrial incarceration, minimization of anxiety and concern of the accused, and limitation of the possibility that the defense will be impaired." *State v. Lagway* (Aug. 24, 1994), Summit App. No. 16531, unreported, at 4, 1994 WL 463538. Soto was not incarcerated at any time during these proceedings. He has not indicated that he experienced any anxiety over the outcome of the trial, nor has he shown how his defense might have been impaired by the delay. Indeed, he admitted that he had committed the offense as charged.

As measured by the constitutional standards outlined in *Wingo,* Soto has failed to show that he was denied a reasonably speedy trial. Since he also failed to show a violation of Ohio's statutory speedy trial requirements, his assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed*

REECE, P.J., and QUILLIN, J., concur.