Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN REFUSING TO DISMISS THE COMPLAINT FOR FAILURE TO BRING THE DEFENDANT TO TRIAL WITHIN THE STATUTORY TIME."
The facts that are relevant to the issues raised on appeal are as follows. On May 12, 1998, appellant was charged with a violation of Vermilion City Ordinance Section 666.18(C)(2), a third-degree misdemeanor. On May 19, 1998, appellant filed a demand for jury trial in which she also stated that she wanted her case tried within the time provided by law. The case was set for pre-trial on June 16, 1998. By journal entry dated June 16, 1998, trial was set for July 29, 1998, seventy-eight days after appellant was charged with the offense. The record contains a photocopy of a letter dated June 25, 1998, from the clerk of the Vermilion Municipal Court to appellant's attorney stating that trial was set for July 29, 1998. On July 27, 1998, appellant filed a motion to dismiss for failure to bring her to trial within forty-five days as required by statute. Appellant asserted in her motion that she should have been brought to trial on or before June 26, 1998, and that she had not waived her right to a speedy trial or asked for an extension. On July 28, 1998, appellant's motion to dismiss was summarily denied. On July 29, 1998, appellant entered a plea of no contest to the charge. The trial court accepted the plea, found appellant guilty and imposed sentence.
Appellant asserts in her sole assignment of error the same arguments as those presented in support of her motion to dismiss. In response, the city argues that the trial court properly denied appellant's motion to dismiss because appellant acquiesced to the trial date being set outside the statutory time limit and that the trial date was a "reasonable continuance granted other than upon the accused's own motion" pursuant to R.C.2945.72(H).
R.C. 2945.71 requires that a defendant who is charged with a third or fourth-degree misdemeanor, as appellant was, must be brought to trial within forty-five days of her arrest or the service of summons. The forty-fifth day for appellant was June 26, 1998. R.C. 2945.72 provides exceptions to that requirement, which allow the time within which an accused must be brought to trial to be extended.
R.C. 2945.73 provides that:
 "(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71
and 2945.72 of the Revised Code."
The Supreme Court of Ohio in State v. Wentworth (1978),54 Ohio St.2d 171, 173, noted its earlier holdings "* * * that R.C.2945.71 through 2945.73 implement the constitutional right of speedy trial and set forth mandates to which strict adherence is required, that the burden to timely try a defendant rests upon the prosecution and trial courts and that a defendant is not requiredto either demand a timely trial or object to a trial settingoutside the periods set forth in R.C. 2945.71 and is to be accorded the benefits of time limitations prescribed therein. * * *" (Citations omitted.) (Emphasis added.)
Although the state claims in its brief that defense counsel consented to the trial date, there is no evidence in the record that counsel "voluntarily agreed" to a trial date outside the statutory time limit as contemplated by the Supreme Court of Ohio in State v. McRae (1978), 55 Ohio St.2d 149, 152, and this case falls squarely under Wentworth, supra.
Upon consideration of the entire record of proceedings in this case and the law, we find that the trial court erred by not granting appellant's motion to dismiss and appellant's sole assignment of error is well-taken.
On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Vermilion Municipal Court is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion. Court costs are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., JUDGE
James R. Sherck, J., JUDGE
Richard W. Knepper, J., JUDGE
CONCUR.