OPINION
Defendant-appellant Donald N. Walker appeals his convictions entered by the Licking County Municipal Court on one count of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and one count of operating a motor vehicle without two headlights displayed, in violation of R.C. 4513.14. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
On June 2, 1998, appellant was arrested for operating a motor vehicle under the influence of alcohol, in violation of R.C.4511.19(A)(1) and (A)(4), and one count of operating a motor vehicle without two headlights displayed, in violation of R.C.4513.14. At his initial appearance on June 10, 1998, appellant entered pleas of not guilty to the charges. Appellant filed a Demand for Discovery, Bill of Particulars, and Plaintiff's Intended Evidence in Chief. Via Court Order dated June 24, 1998, the trial court scheduled a jury trial for August 3, 1998. On July 15, 1998, appellant filed a motion to dismiss based upon the State's failure to respond to his discovery demands, or in the alternative, a motion to compel. Via Judgment Entry dated July 16, 1998, the trial court ordered the State to provide discovery forthwith. The State complied with the trial court's order on July 22, 1998. On July 27, 1998, the State filed a motion to continue the trial based upon the unavailability of two essential witnesses on the scheduled trial date. Via Judgment Entry dated July 29, 1998, the trial court granted the State's motion for a continuance, finding said request to be reasonable pursuant to R.C. 2945.72(H). In the same judgment entry, the trial court rescheduled the trial for November 23, 1998. Also on July 27, 1998, appellant filed a motion to suppress the blood alcohol test results. Via Judgment Entry dated July 30, 1998, the trial court overruled appellant's motion without a hearing. Appellant filed a motion to reconsider on August 3, 1998. The trial court scheduled an oral hearing on that motion for September 8, 1998. Via Judgment Entry dated October 6, 1998, the trial court denied appellant's motion to reconsider without conducting the scheduled oral hearing. On November 20, 1998, appellant filed a motion to dismiss alleging a violation of his speedy trial rights. On the morning of trial on November 23, 1998, appellant withdrew his pleas of not guilty and entered pleas of no contest to all the charges. The trial court entered findings of guilt and sentenced appellant accordingly. The trial court journalized the findings and sentences via Judgment Entry of Conviction dated November 23, 1998. It is from these convictions appellant prosecutes this appeal, raising the following assignments of error:
I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S SPEEDY TRIAL MOTION.
II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SUPPRESS AND/OR HIS MOTION TO RECONSIDER.
III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION FOR FINDING APPELLANT GUILTY OF VIOLATING R.C. 4511.19(A)(4).
In his first assignment of error, appellant contends the trial court erred in denying his motion to dismiss for a violation of his speedy trial rights. R.C. 2945.71 provides, in pertinent part: (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree . . .
R.C. 2945.71(B) is subject, however, to the tolling provisions of R.C. 2945.72, which provides, in pertinent part: The time within which an accused must be brought to trial may be extended only by the following:
* * *
(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.
The provisions of R.C. 2945.72 permitting extensions of time are to be strictly construed against the State. State v. Pachay (1980), 64 Ohio St.2d 218, 221. Further, practices which undercut the implementation of the speedy trial provisions of R.C. 2945.71
and 2945.73 cannot be used to extend the prescribed statutory time limits. Aurora v. Patrick (1980), 61 Ohio St.2d 107, 108. In the instant action, appellant established a prima facie case for discharge under R.C. 2945.73(B) as close to 180 days had elapsed between the date of his arrest and November 20, 1998, the date on which he filed his motion to dismiss. State v. Geraldo (1983),13 Ohio App.3d 27. The burden then shifted to the State to demonstrate the time limit was extended pursuant to R.C. 2945.72. State v. Butcher (1986), 27 Ohio St.3d 28, 31. In his motion to dismiss and his Brief to this Court, appellant asserts 135 days passed between his arrest and the trial date. In support of his assertion, appellant submits the following timetable: DAYS
1. 06/02/98 (arrested/served with summons) 0 2. 06/03-15/98 (Motion to Dismiss/Compel) 13 3. 06/16-30/98 15 4. 07/01-27/98 (Plaintiff moves to continue) 27 5. 07/27-30/98 (Motion to Suppress filed denied) 0 6. 07/31/98 1 7. 08/01-03/98 (Motion to Reconsider) 3 8. 08/04-31/98 0 9. 09/01-08/98 (Court denied Motion to Reconsider on 09/08/98) 0 10. 09/09-30/98 22 11. 10/01-31/98 31 12. 11/01-23/98 (trial date) 23 135 days
November 20, 1998 Motion.
We agree with appellant an excess of 90 days passed between his arrest and the date of the filing of his motion to dismiss. However, we do not agree with appellant's 135 day figure. In order to provide a clear analysis of our calculations, we have divided the time into distinct periods, which we shall examine separately. The first period encompasses the time between appellant's arrest on June 2, 1998, and July 14, 1998. During this time, forty-two days of appellant's speedy trial time had elapsed. The second period is between July 15, 1998, the day on which appellant filed his motion to dismiss/compel, and July 16, 1998, the day on which the trial court ruled on the motion. Because the delay was necessitated by appellant's own motion, the time in which appellant was required to be brought to trial was tolled two days pursuant to R.C. 2945.72(H). Ten days of appellant's speedy trial time elapsed between July 17, 1998, and July 26, 1998. On July 27, 1998, appellant filed a motion to suppress, which the trial court denied on July 30, 1998. Appellant's filing of the motion to suppress tolled the time pursuant to R.C. 2945.72(H). Thus, the time in which appellant was required to be brought to trial was extended by four days. Three days ran between July 31, 1998, and August 2, 1998. On August 3, 1998, appellant filed a motion to reconsider, which the trial court denied on October 6, 1998. Appellant's speedy trial time was tolled during these sixty-five days pursuant to R.C. 2945.72(H). Between October 7, 1998, and November 19, 1998, during which time appellant was awaiting trial, forty-four days of appellant's speedy trial time elapsed. The final period encompasses November 20, 1998, when appellant filed his motion to dismiss on speedy trial grounds, through November 23, 1998, when appellant entered his pleas of no contest. Pursuant to R.C. 2945.71(H), the time was tolled during these four days. Excluding all delays necessitated by reason of appellant's own motions, we find approximately ninety-nine days elapsed between June 2, 1998, and November 20, 1998. Our focus now turns to the effect of the State's July 27, 1998 Motion for Continuance and the July 29, 1998 Judgment Entry, granting the continuance and rescheduling the trial for November 23, 1998. As of July 27, 1998, fifty-two days of appellant speedy trial time had elapsed; therefore, appellant was required to be brought to trial within thirty-eight days. Continuances granted on the State's motion will toll the running of speedy trial time if the continuance is reasonable and necessary under the circumstances of the case. State v. Saffell (1988), 35 Ohio St.3d 90, 91. The record must affirmatively demonstrate the continuance was reasonable and necessary. Id. A continuance must be journalized before the expiration of the time limits specified in R.C. 2945.71. State v. Mincy (1982), 2 Ohio St.3d 6, syllabus. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. State v. Lee (1976),48 Ohio St.2d 208, 210. "[I]t is difficult, if not unwise, to establish a per se rule of what constitutes "reasonableness" beyond the ninety-day structure of R.C. 2945.71." Saffell, supra. "Invariably, resolution of such a question depends on the particular facts and circumstances of a particular case." Id. In the case sub judice, the State requested a continuance because Trooper Dray and lab technician Valerie Caugh were unable to testify on August 3, 1998. The July 29, 1998 Judgment Entry, granting the State's motion reads, in toto: Upon Motion of Plaintiff, in the interest of justice and for good cause shown, the Plaintiff's Motion for Continuance is hereby GRANTED. This action is continued until Monday, November 23, 1998 at 8:30 a.m. the Court finding that the request for continuance is reasonable pursuant to Section 2945.72(H) of the Ohio Revised Code.
A continuance based upon the fact the arresting officer is unavailable at the time of trial is not unreasonable. See, Saffell, supra. Therefore, we find the trial court's granting of the State's motion for a continuance due to the unavailability of Trooper Dray was not unreasonable. However, we take issue with the reasonableness of the length of the delay between the date of the order granting the continuance and the new trial date. In State v. Wentworth (1978), 54 Ohio St.2d 171, the Ohio Supreme Court held: An order, although entered within the 90-day time period prescribed for trial by R.C. 2945.71(B)(2), continuing a case for trial to a date more than double such 90-day period and stating the continuance was necessary for the reason of a crowded docket, without further explication of such reason appearing in the record, is insufficient to extend the R.C. 2945.71(B)(2) time limitation for trial as a "reasonable continuance granted other than upon the accused's own motion" pursuant to R.C. 2945.72(H).
Id. at syllabus.
In Wentworth, the Ohio Supreme Court concluded a continuance of a case for trial to a date six months after the initial pre-trial and 196 days after the arrest, and entered upon the barebones declaration of a crowded docket "is of such length that it is facially unreasonable and seriously open to question." Id. at 195. The Wentworth Court noted, "the attendant facts and circumstances must be included in the record in sufficient detail so that the necessity and reasonableness of the continuance is demonstrable." Id. In the instant action, the trial court continued the trial to a date approximately four months after the July 29, 1998 Judgment Entry granting the State's request for a continuance, and 173 days after appellant's arrest. We find this delay to be of such length that it is facially unreasonable. The judgment entry does not set forth any reason for the scheduling of the trial beyond the statutory time limit. A review of the record reveals no explanation — explicit or implicit — for the length of the delay. Due to its failure to file a brief in this Court, the State has failed to demonstrate the delay was necessary and reasonable. Because the record fails to affirmatively demonstrate the reasonableness of the length of the continuance, we find the continuance of appellant's trial to a date almost double the original 90-day time prescribed for trial by R.C. 2945.71(B)(2) is unreasonable. We find appellant was entitled to discharge upon his motion to dismiss.
Accordingly, the judgment of the Licking Court Municipal Court is reversed, and appellant is ordered discharged pursuant to R.C.2945.73(B).
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur.