This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, the State of Ohio (hereinafter "State"), appeals the trial court's decision dismissing an indictment against Defendant-Appellee, Carmen Clow (hereinafter "Clow"), on the basis of a violation of Clow's right to a speedy trial. Because we conclude that although the reasons for the delays at the trial court may have been reasonable in purpose, they were not reasonable in length and, therefore, those periods must be charged toward Clow's speedy trial time limits, the trial court's decision is affirmed.
On January 8, 2000, Clow was arrested and charged with theft by deception in violation of R.C. 2913.02, a felony of the fourth degree. He was held in jail until January 10, 2000, when he appeared before the Struthers Municipal Court, posted bond and, without counsel, executed a waiver of the time limits within which to hold a preliminary hearing. The trial court scheduled Clow's preliminary hearing for July 3, 2000. At that hearing the State requested a continuance due to the victim's illness which the trial court granted. Clow next appeared with counsel before the trial court on October 2, 2000, when he waived his right to a preliminary hearing. Clow was then bound over to the Mahoning County Grand Jury which issued an indictment for theft by deception on October 19, 2000.
On October 31, 2000, Clow filed a motion to dismiss the indictment for a violation of his right to a speedy trial with the Court of Common Pleas. That court heard the motion on November 14, 2000, and, in its March 19, 2001 Judgment Entry, granted Clow's motion and dismissed the indictment.
The State's sole assignment of error argues:
 "The trial court erred when it dismissed the indictment since the speedy trial time limits had not expired."
Although both Clow's waiver of the time limits for his preliminary hearing and the prosecution's motion to continue because of the victim's illness were reasonable to extend his speedy trial time limits pursuant to R.C. 2945.72(H), we conclude the length of those delays were unreasonable.
Pursuant to R.C. 2945.71(C)(2), when a person is charged with a felony, they shall be brought to trial within two hundred seventy days of their arrest. Likewise, R.C. 2945.71(C)(1) and Crim.R. 5(B)(1) provide a person charged with a felony shall have a preliminary hearing within fifteen days of their arrest or, if the person is in jail in lieu of bail on the pending charge, the hearing shall be within ten days. Each day the accused is held in jail in lieu of bail counts as three days toward the two hundred seventy day speedy trial time limit. R.C. 2945.71(E). The date of arrest is not included in the time computation. See R.C. 1.14; Crim.R. 45; State v. Steiner (1991), 71 Ohio App.3d 249, 250-251,593 N.E.2d 368, 369. If these time limits are not met, then the case must be dismissed. R.C. 2945.73.
Ohio's speedy trial statute must be strictly construed against the State. State v. Singer (1977), 50 Ohio St.2d 103, 109, 4 O.O.3d 237, 240, 362 N.E.2d 1216, 1220. After the statutory time limit has expired, the defendant has established a prima facie case for dismissal. State v.Butcher (1986), 27 Ohio St.3d 28, 30-31, 27 OBR 445, 446-447,500 N.E.2d 1368, 1370. At that point, the State has the burden to demonstrate any extension of the time limit. Id.
The State argues Clow's waiver of the time limits for his preliminary hearing tolls his speedy trial time limits. An accused may waive either the speedy trial or preliminary hearing time limits. City of Westlake v.Cougill (1978), 56 Ohio St.2d 230, 10 O.O.3d 382, 383 N.E.2d 599. The time limits may also be tolled for various reasons pursuant to R.C.2945.72. Regardless of whether those time limits are tolled under R.C.2945.72, the accused must be brought to trial within a reasonable length of time. State v. Soto (1994), 96 Ohio App.3d 743, 746, 645 N.E.2d 1307,1309.
Pursuant to R.C. 2945.72(H), a defendant's speedy trial time limits may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." Any such continuance must be reasonable both in purpose and in length. State v. Martin
(1978), 56 Ohio St.2d 289, 293, 10 O.O.3d 415, 417, 384 N.E.2d 239, 242. R.C. 2945.72 does not toll the applicable time limit absolutely, but merely extends that time limit by the time necessary in light of the reason for the delay. State v. Santini (2001), 144 Ohio App.3d 396, 403,760 N.E.2d 442, 448. The reasonableness of the delay is controlled by the particular facts and circumstances of the case. State v. Saffell (1988),35 Ohio St.3d 90, 91, 518 N.E.2d 934, 935.
"When, at the request of defendant's counsel, a judge extends the time for a preliminary hearing pursuant to Crim.R. 5(B)(1), this continuance extends the time the defendant is required to be brought to both a preliminary hearing and trial pursuant to R.C. 2945.72(H)." Martin, at paragraph two of the syllabus.
In Martin, the defendant waived the statutory time limits for his preliminary hearing. However, the trial court supplemented the record, stating the preliminary hearing was delayed "[d]ue to [the] crowded docket in the Municipal Court and due to the expected length of the preliminary hearing." Id. at 292, 10 O.O.3d at 417, 384 N.E.2d at 241. The Ohio Supreme Court found this to be a continuance other than on the defendant's motion. However, as the Ohio Supreme Court explained:
"If the defendant had waived the time limit solely on his own initiative, as opposed to accommodating the Municipal Court because of its crowded docket, the defendant's action would be analogous to the `waiver of time' discussed in State v. McBreen (1978), 54 Ohio St.2d 315,376 N.E.2d 593, and therefore a `continuance granted on the accused's own motion' pursuant to the first part of R.C. 2945.72(H)." Id at 294, 10 O.O.3d at 418, 384 N.E.2d at 242, footnote 2.
In State v. Allen (Sept. 22, 2000), Ashtabula App. No. 99-A-0050, unreported, the Eleventh District was faced with a similar situation. The defendant had waived the preliminary hearing time limits and claimed the State violated his speedy trial rights. When discussing what periods of time were tolled and which were not tolled, the court concluded "that the period of June 17, 1998, to July 22, 1998, was tolled due to appellant waiving the time for his preliminary hearing, which was then set for July 22, 1998 (thirty-five days)."
In the present case, the record contained Clow's signed statement waiving the time period in which to have a preliminary hearing. UnlikeMartin, the record does not in any way indicate the waiver was other than upon Clow's own initiative. Therefore, pursuant to both Martin and Allen, the delay in holding the preliminary hearing was reasonable in purpose. However, we must also decide whether that delay was reasonable in length. Martin, supra.
The United States Supreme Court has developed a balancing test to use in determining speedy trial issues. See Barker v. Wingo (1972),407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. The court identified four factors to be considered in determining whether a defendant's right to a speedy trial was violated: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.Id. at 530, 92 S.Ct. at 2191, 33 L.Ed.2d at 116-117. As this court recently noted, a review of the cases which apply the Barker analysis show the nature and timing of the defendant's motion must be considered in determining whether a delay is reasonable. Santini, supra at 404,760 N.E.2d at 448.
"[A] motion filed by or on behalf of an accused may extend the time period in which an accused has to be brought to trial as contemplated by R.C. 2945.71 and 2945.72 if: (1) the motion is of such a nature that the court cannot reasonably proceed with trial plans until the motion has been decided; and (2) the period of time the motion is pending is of a reasonable duration." (Footnote omitted) Id. at 405, 760 N.E.2d at 449.
Both the Ohio Supreme Court's opinion in Martin and the Eleventh District's opinion in Allen are helpful in examining the reasonableness of the length of the delay in this case. In Martin, the Ohio Supreme Court found a delay of forty days was reasonable as the record "reflects a reasonable and conscientious effort by the Municipal Court judge to comply with the Criminal Rules and the request of the defendant's counsel to afford defendant his statutory right to a preliminary hearing." Id. at 294, 10 O.O.3d at 418, 384 N.E.2d at 242. Likewise, the Allen court approved of a delay of thirty-five days.
In this case, the delay, from January 10, 2000, until July 3, 2000, was one hundred seventy-five days long, almost six months, for a hearing which, both by statute and by rule, should take place within fifteen days. See R.C. 2945.71(C)(1); Crim.R. 5(B)(1). The Struthers Municipal Court merely needed to set a date for a preliminary hearing. Keeping in mind the dictum that we must strictly construe Ohio's speedy trial statute against the State, see Singer, supra, we find the length of the delay in this case was unreasonable. The one hundred seventy-five days between January 10, 2000, the date Clow waived the preliminary hearing time limits, and July 3, 2000, the date originally set for a preliminary hearing, are charged against the State and do not toll Clow's speedy trial time limits.
The next triggering event occurred July 3, 2000, the date originally set for the preliminary hearing, at which the State moved for a continuance due to the illness of the victim. That motion was granted. The record reflects no further action in the trial court until October 2, 2000, when the defendant waived his right to a preliminary hearing. As stated above, R.C. 2945.72(H) provides both continuances made by the defendant and reasonable continuance granted other than upon the defendant's own motion may toll the speedy trial time limits. A motion to continue based upon the unavailability of a witness is reasonable and acts to extend the speedy trial provisions if the length of the delay is reasonable. State v. Saffell (1988), 35 Ohio St.3d 90, 518 N.E.2d 934.
This second period of time, from July 4, 2000 until October 2, 2000, the date Clow waived a preliminary hearing, which encompasses ninety-one days, is also lengthy. See discussion, supra. In Saffell, the Ohio Supreme Court found a delay of twenty-six days due to the unavailability of a witness to be a reasonable delay. The decisions of various courts of appeals have found somewhat longer periods of delay due to a witness' unavailability may be reasonable as well. See State v. Simmers (Nov. 15, 2000), Marion App. No. 9-2000-53, unreported (twenty-seven day delay reasonable); State v. Egart (June 26, 1998), Ashtabula App. No. 96-A-0073, unreported (thirty-five day delay reasonable). However, courts have consistently held that delays necessitated by the unavailability of a witness which were considerably greater were unreasonable. See Statev. Ritter (Dec. 17, 1999), Ashtabula App. No. 98-A-0065, unreported (seventy day delay unreasonable); see also State v. Wirtanen (1996),110 Ohio App.3d 604, 674 N.E.2d 1245 (one hundred nine day delay unreasonable); State v. Walker (May 27, 1999), Licking App. No. 98CA00121, unreported (one hundred twelve day delay unreasonable).
The record before us does not indicate why the particular circumstances of this case warranted a three month continuance. The date the trial court set for the preliminary hearing, October 2, 2000, was well after the time for holding that hearing had expired. Although Clow did eventually waive his right to a preliminary hearing, that does not excuse the unreasonableness of the trial court's delay in attempting to bring this matter to a preliminary hearing. The length of the delay in scheduling this matter for a preliminary hearing was unreasonable. The ninety-one days between July 3, 2000 and October 2, 2000, are charged against the State and do not toll Clow's speedy trial time limits.
There were no further continuances granted between October 2, 2000, the date Clow waived his preliminary hearing, and October 31, 2000, the date Clow filed his motion to dismiss. This twenty-nine day period is charged to the State and does not extend Clow's speedy trial time limits.
Struthers Municipal Court's distinct lack of action delayed the time for Clow's preliminary hearing two hundred and sixty-six days. Added to the time Clow spent in jail awaiting his initial appearance, by the time Clow waived his right to a preliminary hearing, more than two hundred seventy days had passed since his arrest. We remind trial courts that strict adherence to the spirit of the speedy trial statutes requires a trial judge to manage cases in as expeditious a manner as possible.Martin at 297, 10 O.O.3d at 420, 384 N.E.2d at 244. Prosecutors and trial courts bear the burden to timely try a defendant and a defendant is not required to either demand a timely trial or object to a trial setting outside the periods set forth in R.C. 2945.71. State v. Wentworth
(1978), 54 Ohio St.2d 171, 173, 8 O.O.3d 162, 163, 375 N.E.2d 424, 426. We, along with the Ohio Supreme Court, "have and will continue to impose upon both the prosecution and the trial courts the mandatory duty of complying with the provisions of R.C. 2945.71 through 2945.73." (Emphasissic.) Martin at 297, 10 O.O.3d at 420, 384 N.E.2d at 244.
The three hundred one days subsequent to Clow's arrest are chargeable against the speedy trial time limits. As this is outside the time mandated by R.C. 2945.71, Clow's case was properly dismissed. Accordingly, the State's sole assignment of error is meritless, and the Common Pleas Court's decision is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.