[Cite as *State v. Williams*, 2011-Ohio-4115.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | William B. Hoffman, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 10CA142 |
| | : | |
| | : | |
| MARK ANTHONY WILLIAMS | : | O P I N I O N |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:         Criminal Appeal from Richland
County Court of Common Pleas Case
No. 2010-CR-527H

JUDGMENT:         Affirmed

DATE OF JUDGMENT ENTRY:         August 17, 2011

APPEARANCES:

For Plaintiff-Appellee         For Defendant-Appellant

JAMES J. MAYER, JR.         WILLIAM PAUL BRINGMAN
Prosecuting Attorney         13 East College Street
Richland County, Ohio         Fredericktown, Ohio  43019-1192

BY: DANIEL J. BENOIT
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio  44902

*Edwards, J.*

{¶1} Defendant-appellant Mark Williams appeals his conviction and sentence from the Richland County Court of Common Pleas on one count of aggravated burglary, one count of felonious assault, both with firearm and repeat violent offender specifications, and two counts of having weapons while under disability. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellant was arrested on July 19, 2010. On August 6, 2010, the Richland County Grand Jury indicted appellant on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and two counts of having weapons while under disability in violation of R.C. 2923.13(A)(2), felonies of the third degree. The aggravated burglary and felonious assault counts were accompanied by firearm and repeat violent offender specifications. At his arraignment on August 17, 2010, appellant entered a plea of not guilty to the charges contained in the indictment.

{¶3} Pursuant to a Judgment Entry filed on August 30, 2010, new counsel was appointed for appellant.

{¶4} On September 3, 2010, appellant's counsel filed a Motion to Withdraw on the basis that appellant was unhappy with his counsel's representation. As memorialized in a Judgment Entry filed on September 22, 2010, the trial court granted such motion and appointed Attorney Charles Brown to represent appellant.

{¶5} On October 8, 2010, appellant's new counsel filed a Motion for a Continuance of the October 11, 2010 trial date on the grounds that he needed additional

time to prepare for trial.  Pursuant to a Judgment Entry filed on October 12, 2010, the trial court granted such motion and continued the matter until further order of court.  The trial court's judgment Entry stated that "time failed."

{¶6}  On November 10, 2010, appellant filed a Notice of Alibi.

{¶7}  A jury trial commenced on November 22, 2010. Thereafter, on November 29, 2010, appellee filed a Motion to Amend the Indictment.  On November 29, 2010, the jury found appellant guilty of all counts and specifications.  Pursuant to a Judgment Entry filed on November 30, 2010, the trial court granted the Motion to Amend the Indictment.

{¶8}  As memorialized in a Sentencing Entry filed on December 6, 2010, appellant was sentenced to an aggregate prison sentence of seventeen (17) years. Appellant also was placed on five years of post-release control.

{¶9}  Appellant now raises the following assignment of error on appeal:

{¶10} "THE TRIAL COURT ERRED IN APPOINTING APPELLANT'S TRIAL COUNSEL DUE TO SAID COUNSEL'S INEFFECTIVE ASSISTANCE OF APPELLANT IN THE TRIAL OF THE CASE IN TRIAL COURT."

I

{¶11} Appellant, in his sole assignment of error, argues that the trial court erred in appointing appellant's trial counsel due to "said counsel's ineffective assistance of appellant in the trial of the case in the trial court." Appellant specifically maintains that trial counsel was ineffective in failing to file a Motion to Dismiss on speedy trial grounds.

{¶12}  A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of

reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington* (1984), 466 U.S. 668, 104 s.Ct. 2052, *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley* at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.* In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." *State v. Carter*, 72 Ohio St.3d 545, 558, 1995-Ohio-104, 651 N.E.2d 965, citing *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 842-843.

{¶13} An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. To determine whether an accused's right to a speedy trial has been violated, the United States Supreme Court has devised a balancing test that requires courts to balance and weigh the conduct of the prosecution and that of the accused by examining four factors: the length of the delay, the reason for the delay, whether the accused has asserted his speedy trial rights, and any resulting prejudice to the accused. *Barker v. Wingo* (1972), 407 U.S. 514, 530, 92 S.Ct. 2182.

{¶14} In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the state to bring a defendant who has not waived his rights to a speedy trial to trial within the time specified by the particular statute. R.C. 2945.71 *et seq.* applies to defendants generally. R.C. 2945.71 provides:

{¶15} "(C) A person against whom a charge of felony is pending:

{¶16} "(1) * * *

{¶17} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest."

{¶18} If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as three days. R.C. 2945.71(E). This "triple count" provision is applied only when the defendant is being held in jail solely on the pending charge. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 357 N.E.2d 40, paragraph one of the syllabus. The day of the arrest is not counted when computing speedy trial time. *State v. Jenkins,* 2011-Ohio-837 at ¶ 15, Cuyahoga App. No. 95006, citing *State v. Masters*, 172 Ohio App.3d 666, 2007-Ohio-4229, 876 N.E.2d 1007.

{¶19} A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin,* Richland App. No. 2004–CA–103, 2005–Ohio–3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, however, we apply a *de novo* standard of review and thus freely review the trial court's application of the law to the facts. *Id.* When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. In *Brecksville v. Cook,* 75 Ohio

St.3d 53, 57, 1996–Ohio–171, 661 N.E.2d 706, 709, the court reiterated its prior admonition "to strictly construe the speedy trial statutes against the state."

{¶20} The time to bring a defendant to trial can be extended for any of the reasons enumerated in R.C. 2945.72.

{¶21} "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley,* 162 Ohio App.3d 730, 2005–Ohio–4337, 834 N.E.2d 887, ¶ 19.

{¶22} Appellant, in the case sub judice, argues that he was entitled to the triple count provisions of R.C. 2945.71(E) from the date of his arrest on July 19, 2010, because he was held in jail in lieu of cash or bond on the pending charges. Appellant argues that his trial should have commenced by October 17, 2010, but that his trial did not commence until November 22, 2010.

{¶23} As is stated above, on October 8, 2010, appellant's new counsel filed a Motion for a Continuance of the October 11, 2010, trial date on the grounds that, having recently been appointed, he needed additional time to prepare for trial. Such motion was granted by the court on October 12, 2010, prior to the expiration of the speedy trial time.[1] While the trial court did not journalize any order setting a new trial date, the trial commenced on November 22, 2010.  R.C. 2945.72(H) provides that a continuance granted at a defendant's request tolls the period within which the trial must occur. See *State v. Soto* (1994), 96 Ohio App.3d 743, 645 N.E.2d 1307. In *State v. Mularkey* (May

---

[1] We note that the Ohio Supreme Court, in *State v. Mincy* (1982), 2 Ohio St.3d 6, 441 N.E.2d 571 syllabus, held that "[w]hen sua sponte granting a continuance under R.C. 2945.72(H) the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." We note that the continuance in the case sub judice was not sua sponte, but rather was at appellant's request.

30, 1991), Franklin App. Nos. 90AP-1377 & 90AP1378, 1991 WL 94454, unreported, the court noted that the motion for a continuance itself, even in the absence of an explicit waiver of the accused's speedy trial rights, tolls the speedy trial time clock. Therefore, when the record indicates that the continuance was attributable to the defendant, the delay will be assessed to the defendant even in the absence, as here, of an express waiver of speedy trial rights. See, also, *State v. Bumbalough* (1992), 81 Ohio App.3d 408, 611 N.E.2d 369.  Therefore, the forty-one (41) days between October 12, 2010, and November 22, 2010, are not chargeable against the State pursuant to R.C. 2945.72(H). Deducting these 41 days from the 126 days from the date of appellant's arrest on July 19, 2010, until his trial on November 22, 2010, 85 days passed between appellant's arrest and the commencement of his trial.  This is under the 90 days speedy trial limit.

{¶24} Based on the foregoing, we find that trial counsel was not ineffective in failing to file a Motion to Dismiss on speedy trial grounds.

{¶25} Appellant's sole assignment of error is, therefore, overruled.

{¶26} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.


By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d0615

[Cite as *State v. Williams*, 2011-Ohio-4115.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                    Plaintiff-Appellee :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
MARK ANTHONY WILLIAMS                  :
                                       :
                    Defendant-Appellant :        CASE NO. 10CA142


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

                    JUDGES