The STATE of Ohio, Appellee,

v.

DAUGHERTY, Appellant.

[Cite as *State v. Daugherty* (1996), 110 Ohio App.3d 103.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–95–58.

Decided March 28, 1996.

*Robert A. Beutler, Jr.,* Assistant Director of Law, for appellee.

*Drake, Phillips, Kuenzli & Clark* and *William E. Clark,* for appellant.

HADLEY, Presiding Judge.

Defendant-appellant, Daryl Daugherty ("appellant"), appeals from the judgment entry of the Findlay Municipal Court denying appellant's motion for dismissal and finding appellant guilty of speeding.

On September 11, 1995, appellant was cited for speeding in violation of R.C. 4511.21(D)(1). Appellant entered a not guilty plea on September 12, 1995. Thereafter, a trial date of October 10, 1995 was scheduled. On September 29, 1995, however, the state filed a motion for continuance declaring that its witness, a highway patrol trooper, would be out of state on the trial date. In its judgment entry of October 2, 1995, the trial court granted the motion and continued the matter until November 14, 1995. At the proceedings on November 14, appellant moved for dismissal pursuant to R.C. 2945.71 *et seq.* The trial court denied appellant's motion and found him guilty of speeding. Judgment was entered on November 21, 1995. It is from this judgment entry that appellant raises the following assignment of error:

"The court erred in denying appellant's motion to dismiss upon a claim of denial of a speedy trial."

■ Appellant concedes that the trial court has the discretion to grant reasonable continuances; however, he asserts that the length of the continuance herein was unreasonable.

■ Pursuant to R.C. 2945.71(A), an individual charged with a minor misdemeanor must be brought to trial within thirty days. R.C. 2945.72(H) provides, however, that a "reasonable continuance granted other than upon the accused's own motion" may extend that time period. Reasonableness depends upon the facts and circumstances of each case. *State v. Saffell* (1988), 35 Ohio St.3d 90, 91, 518 N.E.2d 934, 935. In determining such reasonableness, however, R.C. 2945.72 must not be interpreted "too broadly" as to render the speedy-trial statutes meaningless. *State v. Lee* (1976), 48 Ohio St.2d 208, 209, 2 O.O.3d 392, 392–393, 357 N.E.2d 1095, 1096. Thus, although a crowded docket may be a sound reason to extend the time period for a speedy trial, "practices which undercut the implementation of the 'speedy trial' provisions * * * must not be employed to

extend the requisite time periods." *State v. Pudlock* (1975), 44 Ohio St.2d 104, 106, 73 O.O.2d 357, 358, 338 N.E.2d 524, 525. See, also, *State v. Harr* (1992), 81 Ohio App.3d 244, 247–248, 610 N.E.2d 1049, 1051–1052 (finding "nothing inherently unreasonable in using the next open trial date as the length of the continuance" and holding that " 'the next available open jury date,' " which was thirty-three days past the speedy-trial date, was reasonable).[1]

The Ohio Supreme Court has further addressed the reasonableness of continuances and, as previously stated, focused on the particular circumstances of each case. In *Saffell,* the trial court granted a motion for continuance because the arresting officer was on vacation until July 9. *Id.,* 35 Ohio St.3d 90, 518 N.E.2d 934. The trial court, however, set the trial on July 24 since the trial judge would be unavailable the week of July 15. *Id.* at 92, 518 N.E.2d at 935. The court found that the reasons for the continuance were properly journalized and "that the continuance granted a mere three days beyond the * * * limitation * * * was reasonable under the circumstances." *Id.*

In a prior decision, the Supreme Court of Ohio found that "[a]n order, although entered within the 90–day time period prescribed for trial by R.C. 2945.71(B)(2), continuing a case for trial to a date more than double such 90–day period and stating the continuance was necessary for the reason of a crowded docket, without further explication of such reason appearing in the record, is insufficient to extend the R.C. 2945.71(B)(2) time limitation for trial as a 'reasonable continuance granted other than upon the accused's own motion' pursuant to R.C. 2945.72(H)." *State v. Wentworth* (1978), 54 Ohio St.2d 171, 8 O.O.3d 162, 375 N.E.2d 424, syllabus. See, also, *State v. Lee,* 48 Ohio St.2d 208, 2 O.O.3d 392, 357 N.E.2d 1095, syllabus (finding a continuance reasonable where the trial date was two days past the limitation period because of a "crowded docket & judge's conference").

In the instant case, the state filed a motion for continuance asserting that the trooper would be out of state on the original trial date; however, the motion did not indicate a date of the trooper's return. In turn, the judgment entry granting the motion indicates that the trial was continued for the reason that the trooper would be out of state. No date of the trooper's return was listed and a trial date was set for November 14.

At the hearing and upon discussion of the motion to dismiss, the trial judge indicated that he could summon the assignment commissioner to determine why November 14 was chosen as opposed to another date. The trial judge explained, however, that traffic trials are only set on Tuesdays and two of those Tuesdays per month are devoted to traffic arraignments and DWI and DUS arraignments.

---

1. The offense in that case required a trial within ninety days. *Id.* at 247, 610 N.E.2d at 1051.

Thus, he stated, if dates are taken, a trial is set on the next available Tuesday and, in the instant case, he could "only assume that those two dates were already filled." Summarily, the trial judge stated that because of the volume of cases, no other times for traffic trials could be used.

Upon review, we agree that a continuance beyond the thirty-day period due to the trooper's absence may be, on its face, reasonable. The record, however, fails to show that the length of the continuance was due to the trooper's absence, but instead indicates that it was caused by the court's practice of only hearing traffic trials on two Tuesdays of each month. Within the confines of that scheduling limitation, it appears that appellant's trial was set at the earliest available date. This date was thirty-plus days after the initial thirty-day speedy-trial period. While we agree that scheduling a trial on the "next available date" or extending the time for trial a specific number of days past the statutory limitation does not *per se* result in an unreasonable extension of time, we find the extension herein unreasonable based upon the particular circumstances, as discussed above, and the intent of the "speedy-trial" provisions. Appellant's assignment of error is, therefore, well taken.

Accordingly, the judgment of the Findlay Municipal Court is reversed and appellant is discharged pursuant to R.C. 2945.73.

*Judgment reversed.*

SHAW and THOMAS F. BRYANT, JJ., concur.