[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
These appeals are taken by defendant-appellant Cecil Campbell from judgments of the Auglaize County Municipal Court finding Campbell guilty of driving under suspension with fictitious plates and in possession of drug paraphernalia.
On May 11, 1997, a state trooper heard a radio dispatch that someone had pumped $5.00 worth of gas and departed the station without paying. The dispatcher advised listeners that the operators of three motorcycles and a pick-up truck seen at the gas station were suspect. One of the motorcycles was reported to have a passenger. Approximately 14 miles from the gas station, the trooper spotted three motorcycles traveling west, however no pickup truck was seen. The eastbound trooper then turned his car around to follow the cyclists. While the trooper turned, one of the motorcyclists turned onto another road, so the trooper chose to follow the two. The trooper then pulled over the two motorcycles and ran a check on their license plates. The check on Campbell revealed that he was driving under a suspended operator's license and that the plates on the motorcycle did not belong on it. After receiving information from headquarters that Campbell was a flight risk, the officer took Campbell into custody.
When he was arrested, Campbell requested permission to remove his leather jacket and chaps and give them to his friend for safekeeping. The trooper agreed and permitted Campbell to remove the clothing. At no time was a search for weapons performed on any of the three people stopped. When Campbell said goodbye to his friends, the trooper observed Campbell pass them some paper. The trooper demanded the friends turn over the item or go to jail. The item was a package of cigarette rolling papers. Suspecting that the papers were related to illegal drug use, the trooper searched the leather jacket and found a pipe which smelled of burnt marijuana. The papers and the pipe were kept by the trooper as evidence.
On May 12, 1997, Campbell was charged with driving under suspension in violation of R.C. 4507.02, a first degree misdemeanor, fictitious plates in violation of R.C. 4549.08(C), a fourth degree misdemeanor, and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor. He posted bond for his release from custody. A pre-trial hearing was held on May 30, 1997, and a trial date for the drug paraphernalia charge was set for June 17, 1997. The trial date on the remaining charges was set for July 22, 1997. On June 10, 1997, Campbell filed a motion to suppress based upon the lack of probable cause for the initial stop and for the search of the jacket. A hearing was set for July 22, 1997, and trial was set for all charges on August 12, 1997. The State requested a continuance on June 18, 1997 and a hearing was set for July 29, 1997. On June 26, 1997, the State requested a second continuance. The hearing was held on August 8, 1997. On October 14, 1997, the trial court entered its judgment denying the motion to suppress and set a trial date for November 18, 1997. Campbell moved to dismiss the charges on November 17, 1997, due to the State's failure to bring him to trial within the ninety days required by statute. The trial court denied this motion. On November 18, 1997, Campbell entered a plea of no contest and was found guilty on all counts.
Campbell alleges the following assignments of error.
 Campbell's statutory and constitutional right to a prompt and speedy trial on a misdemeanor is violated when the trial date is set 191 days after the date of Campbell's arrest and more than 90 of those days are not chargeable to Campbell under R.C. 2945.71 to 2945.73.
 To justify constitutionally a highway stop based solely upon a police radio transmission of a theft report, the prosecution must present evidence at a suppression hearing that the officer had a reasonable and articulable factual basis for the stop based upon the reliability of the informant or the independent corroboration of the informant's information.
 The State Highway Patrol has violated the rights of a suspect when the patrol officer makes an exploratory search of an item not in the suspect's control, under the guise and apparent legal authority of a search incident to arrest or a "stop and frisk" search.
The first assignment of error asserts that the trial court violated Campbell's right to a speedy trial when it took one hundred ninety-one days to reach a conclusion in the case through a no contest plea.
 (B) A person against whom a charge of misdemeanor other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
 (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
* * *
 (D) A person against whom one or more charges * * * of misdemeanors of different degrees, other than minor misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial within the time period required for the highest degree of misdemeanor charged, as determined under division (B) of this section.
R.C. 2945.71. The time within which the defendant must be brought to trial may be extended by any motions filed by the defendant which cause a necessary delay. R.C. 2945.72(E). However, only that time reasonably necessary is chargeable to the defendant.State v. Arrizola (1992), 79 Ohio App.3d 72, 606 N.E.2d 1020 andState v. Branham (Oct. 8, 1987), Paulding App. No. 11-85-9, unreported.
The question of what is a reasonable time does not have a perse rule. State v. Saffell (1988), 35 Ohio St.3d 90,518 N.E.2d 934. "Invariably, resolution of such a question depends on the peculiar facts and circumstances of a particular case." Id. at 91. Here, Campbell filed a motion to suppress on June 10, 1997. The hearing was held on August 8, 1997. At the conclusion of the hearing, the trial court informed the parties as follows:
 Gentlemen thank you. I wish I could say that I'd have the decision quickly for you, but it's not going to happen at least within the next week. So, it will be approximately two weeks before I get a decision out and that decision will be mailed to both sides as soon as it's made. I'm just not going to be around next week. That's why you're not going to get a decision extremely quickly, but otherwise I'd try to get it out as soon as possible. If I need any help from either side with regard to any particular legal points that I feel that I need further briefing on I will let both sides know and request informal memorandum on those issues that I want comments on.
Transcript, p. 43. No further action was taken on this case until the trial court entered its judgment on October 14, 1997, 126 days after the motion was filed.
The reasons for delay set forth in R.C. 2945.72 do not unconditionally extend the time in which a defendant must be tried. Arrizola, supra. Rather, the time is extended for the amount of time necessary in light of the reason for delay. Id. "A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." State v. Martin (1978), 56 Ohio St.2d 289, 297,384 N.E.2d 239, 244.
In this case, the trial court told the parties the decision would be released in approximately two weeks. However, the trial court did not release that decision for 67 days and 126 days had elapsed from the time the motion was filed. Overall, Campbell was not tried until 191 days after his arrest for the crimes charged. This time is more than double the statutory time in which Campbell was required to be brought to trial. See State v. Daugherty
(1996), 110 Ohio App.3d 103, 673 N.E.2d 664 (holding that delaying the trial for more than double the statutory time was unreasonable). No explanation appears on the record to justify this delay. In addition, the issue before the trial court was not complex and the testimony to be reviewed was brief. No additional briefs or memorandums were requested or filed. Under the facts of this case, the time taken by the trial court to decide the motion to suppress was excessive and not within the spirit of the speedy trial statute. Therefore, we find Campbell's first assignment of error to be well-taken. The trial court erred in not granting Campbell's motion to dismiss the charges for lack of a speedy trial as required by R.C. 2945.73.
 (B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71 and 2945.72].
R.C. 2945.73.
Since we have found that Campbell's right to a speedy trial was violated, the second and third assignments of error are moot and need not be addressed.
Pursuant to App. R. 12(B), this court enters the judgment that should have been entered by the trial court. The complaints are dismissed and Campbell is discharged.
Complaints dismissed and defendant discharged.
 SHAW, P.J., and EVANS, J., concur.