OPINION
{¶ 1} Defendant-appellant, Kevin Glass (hereinafter, "appellant"), appeals from judgment of conviction and sentence of the Municipal Court of Auglaize County entered on a jury verdict in which appellant was found guilty of one count of operating a motor vehicle under the influence ("OMVI"), in violation of R.C.4511.19(A)(1), a first degree misdemeanor.
 {¶ 2} On August 31, 2003, appellant was arrested and charged with OMVI. Appellant pleaded not guilty to the charge and the matter was scheduled for a jury trial on November 24, 2003. However, after several continuances, discussed in detail below, the jury trial did not occur until January 12, 2004.
 {¶ 3} On January 12, 2004, prior to commencement of the trial, appellant moved the court to dismiss for lack of speedy trial. A full hearing was held on the matter. The trial court overruled appellant's motion to dismiss and the matter subsequently proceeded to a jury trial. The jury found appellant guilty of OMVI and the trial court, by way of sentencing entry dated January 13, 2004, sentenced appellant to serve ten (10) days in jail, issued a fine of $750.00, a one year driver's license suspension, six points to his driving record, and probation for two years.
 {¶ 4} Appellant now appeals the judgment of the trial court and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The Municipal Court of Auglaize County, Ohio committedreversible error by failing to dismiss the charge of operating amotor vehicle under the influence against Kevin P. Glass.
 {¶ 5} In his assignment of error, appellant maintains that the trial court erred by failing to provide appellant with a speedy trial and, therefore, the conviction in the matter must be vacated. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 6} R.C. 2945.71(B)(2) provides, in pertinent part, that a person who is charged with a first degree misdemeanor shall be brought to trial within ninety (90) days after the person's arrest. In order for the offense to be discharged on this basis, the defendant must make a motion prior to or at the commencement of the trial. R.C. 2945.73(B). Once the accused presents a prima facie case of a violation of his speedy trial rights, the state then has the burden to produce evidence demonstrating the defendant was not entitled to be brought to trial within the period of time proscribed by R.C. 2945.71. See State v. Butcher(1986), 27 Ohio St.3d 28, 31. This is accomplished by showing that various tolling events listed in R.C. 2945.72 apply. SeeState v. Caudill (December 2, 1998), Hancock App. No. 05-97-35, citing Butcher, supra.
 {¶ 7} Appellant was arrested for OMVI, a first degree misdemeanor, on August 31, 2003. Therefore, pursuant to R.C.2945.71(B)(2), appellant should have been tried on the charge by November 29, 2003. Appellant, however, was not tried until January 12, 2004, which was 134 calendar days after his arrest. Accordingly, there is sufficient evidence to establish a prima facie case that appellant's right to a speedy trial had been violated. A review of the record, however, demonstrates that there are tolling provisions provided by R.C. 2945.72 applicable to the case at bar which extended the time in which appellant was to be brought to trial.
 {¶ 8} At the outset, we note that both appellant and the prosecution agree that, pursuant to R.C. 2945.72(E),[1] the speedy trial date was tolled by thirty (30) days because appellant filed a motion to suppress on September 17, 2003, which was denied by the trial court on October 17, 2003. This extended the speedy trial date from November 29, 2003, until December 28, 2003.
 {¶ 9} On November 12, 2003, by motion of the state, the trial was continued from November 24, 2003, until December 15, 2003. Said motion was chargeable to the state and did not toll or extend the appellant's speedy trial date. Prior to the re-scheduled trial date of December 15, 2004, however, the trial court sua sponte ordered the case to be continued until January 12, 2004. Appellant was tried and convicted on January 12, 2004. In summary, taking into account the thirty (30) days which tolled as a result of appellant's motion to suppress, appellant was tried 104 days after his arrest; fourteen (14) days outside the 90 day speedy trial requirement of R.C. 2945.71(B)(2). The issue pertinent to this appeal then, is whether the trial court's sua sponte motion to continue the trial from December 15, 2003 until January 12, 2004, tolled appellant's speedy trial date or whether appellant's trial was held fourteen (14) days outside of the time requirement.
 {¶ 10} R.C. 2945.72(H) provides that the time within which an accused must be brought to trial may be extended "* * * by the period of any reasonable continuance granted other than upon the accused's own motion[.]" Emphasis added. The resolution of this appeal, therefore, depends upon whether the trial court's sua sponte continuance was reasonable. Determining the "reasonableness" of the continuance beyond the ninety-day stricture of R.C. 2945.71, invariably "depends on the peculiar facts and circumstances of a particular case." State v. Saffell
(1988), 35 Ohio St.3d 90, 91. "In addition, precedent requires that such a continuance be necessary under the circumstances of the case." Id., citing Aurora v. Patrick (1980),61 Ohio St.2d 107.
 {¶ 11} The trial court's sua sponte journal entry (journalized on December 16, 2003) specifically states that:
The Court ORDERS the Jury Trial, previously scheduled for thedate, December 15, 2003, rescheduled, to be held at a later dateand time, as the Court must proceed for Jury Trial in an oldercase on said date.
 The case is ORDERED rescheduled for Jury Trial, outside ofspeedy time limits. Jury Trial shall be held: January 12, 2004 at8:30 A.M.
Hence, the trial court continued the trial due to scheduling conflicts within the trial court's docket for the date in question. Scheduling and docketing conflicts have been held to be reasonable grounds for extending an accused's trial date beyond the speedy trial limit date by both this Court and the Supreme Court of Ohio. For example, see State v. Littlefield, 3d Dist. No. 9-02-03, 2002-Ohio-3399, at ¶ 11; State v. Curtis, 3d Dist. No. 9-02-11, 2002-Ohio-5409; State v. Lee (1976),48 Ohio St.2d 208; State v. Saffell (1988), 35 Ohio St.3d 90, 92. In addition, the trial court, during the appellant's hearing on the motion to dismiss, also noted the difficulty of impaneling a jury on the date in question because of the lack of potential jurors due to the approaching holidays and to illness. The record also indicates that the trial court continued the trial to the earliest possible date within the trial court's docket restraints. Under the circumstances of this case, we find the trial court's sua sponte continuance, which extended appellant's trial fourteen (14) days beyond the speedy trial limit, was reasonable.
 {¶ 12} Appellant, however, asserts, pursuant to the Sixth District Court of Appeals decision in State v. Geraldo (1983),13 Ohio App.3d 27, that the trial court was also required "identify the party to whom the circumstance is chargeable" in its sua sponte journal entry. Geraldo, supra at ¶ 4 of the syllabus. Appellant, therefore, maintains that because the trial court's sua sponte journal entry failed to allocate to which party the continuance was to be charged, the time cannot be charged against him, and, therefore, the speedy trial date was not tolled during this time period, resulting in a violation of appellant's right to a speedy trial.
 {¶ 13} We are not persuaded by appellant's argument and find appellant's reliance and interpretation on Geraldo to be misplaced and inconsequential to this appeal.[2] The Ohio Supreme Court in State v. Mincy (1982), 2 Ohio St.3d 6, syllabus, set forth a trial court's duties when ordering a sua sponte continuance and held that "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limit prescribed in R.C.2945.71 for bringing a defendant to trial."
 {¶ 14} The trial court's journal entry in the case sub judice, was filed on December 16, 2003, twelve (12) days before the expiration of appellant's speedy trial date and indicates a specific scheduling conflict in the court's docket as the reason for the continuance. Accordingly, the trial court's journal entry is legally sufficient.
 {¶ 15} Accordingly, appellant's assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., Concur.
[1] R.C. 2945.72(E) provides, that the time within which an accused must be brought to trial may be extended by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by theaccused[.]" Emphasis added.
[2] For example, the First District Court of Appeals in Statev. Stamps (1998), 127 Ohio App.3d 219, 229, has held that:
[W]e do not read the Mincy decision to require a court in its entry to name the party to whom the continuance is to be charged. * * * Naming the party to whom the continuance is to be charged is good practice, but not a formal requirement, regardless of who requests the continuance.
We also note that the Sixth District Court of Appeals modified its holding in Geraldo, supra, in State v. Flowers (August 13, 1997), 6th Dist. No. L-92-337.