[Cite as *State v. Kesler*, 2014-Ohio-3376.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  13-13-35

    v.

ERIC E. KESLER,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 13-CR-0065

Judgment Affirmed

Date of Decision:  August 4. 2014

APPEARANCES:

    *Scott B. Johnson*  for Appellant

    *Angela M. Boes*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Eric E. Kesler ("Kesler") brings this appeal from the judgment of the Court of Common Pleas of Seneca County denying his motion to dismiss for speedy trial violations. For the reasons set forth below, the judgment is affirmed.

{¶2} On April 15, 2013, a complaint was filed in the Tiffin Municipal Court alleging that Kesler had violated the requirement that he register as a sexual offender, in violation of R.C. 2950.05(A)(F)(1). Doc. 1. The parties both agree that Kesler was arrested on April 19, 2013. Appellant's Brief, 1, and Appellee's Brief, 4. Kesler initially appeared on this charge on April 21, 2013, but requested a continuance until April 26, 2013. Doc. 1. On April 26, 2013, Kesler waived the preliminary hearing and agreed to have the matter bound over to the Court of Common Pleas of Seneca County. *Id.*

{¶3} On May 8, 2008, the Seneca County Grand Jury issued an indictment alleging that Kesler had failed to provide notice of his change of address for his residence, in violation of R.C. 2950.05(A),(F)(1) and R.C. 2950.99(A)(1)(b)(iii), a felony of the third degree. A bond hearing was held on May 10, 2013. Doc. 5 and 7. Bond was set at $30,000 with no 10% allowed. Doc. 7. An arraignment hearing was held on May 15, 2013, but was continued until May 20, 2013, because appointed defense counsel was not available. Doc. 10. That same day, the State

filed an "Answer to Discovery", though no request for discovery had previously been made by Kesler. Doc. 9. On May 20, 2013, Kesler was arraigned and he entered a plea of not guilty. Doc. 12. Bond terms were continued and Kesler was remanded to the custody of the Sheriff of Seneca County as he was unable to make bond. *Id.* On July 2, 2013, the trial court set the trial date for July 25, 2013. Doc. 18.

{¶4} On July 24, 2013, Kesler filed a motion to dismiss based upon violation of his speedy trial rights. Doc. 24. The State filed its response that same day. Doc. 25. The trial court overruled the motion to dismiss, finding that the time for the speedy trial was tolled by the defense's failure to respond to the State's discovery answer and by the delay in arraignment because appointed counsel was not available. Doc. 26. The trial was held on July 25, 2013, and Kesler was found guilty. Doc. 27. A sentencing hearing was held on August 22, 2013. Doc. 30. Kesler filed his notice of appeal on August 28, 2013. Doc. 31. On appeal, Kesler raises the following assignments of error.

**First Assignment of Error**

**The trial court erred by overruling [Kesler's] motion to dismiss on speedy trial grounds.**

**Second Assignment of Error**

**[Kesler's] trial attorney failed to provide adequate counsel thereby denying him his constitutional right to effective counsel.**

{¶5} In the first assignment of error, Kesler claims that the trial court erred in denying his motion to dismiss for a speedy trial violation. The requirements for time within which a trial must be held are controlled by R.C. 2945.71.

> **(C) A person against whom a charge of felony is pending:**
>
> **\* \* \***
>
> **(2) Shall be brought to trial within two hundred seventy days after the person's arrest.**
>
> **\* \* \***
>
> **(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.**

R.C. 2945.71. However the time for trial may be extended in certain limited situations. R.C. 2945.72.

> **The time within which an accused must be brought to trial \* \* \* may be extended only by the following:**
>
> **\* \* \***
>
> **(E) Any period of delay necessitated by reason of a \* \* \* motion \* \* \* made or instituted by the accused.**
>
> **\* \* \***
>
> **(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.**

R.C. 2945.72.

> **When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71. \* \* \* Additionally, our review involves a mixed question of law and fact. We must defer to the trial court's findings of fact if supported by competent, credible evidence, but we independently review whether the trial court properly applied the law to those facts.**

*State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19 (12th

Dist.).

> **Sua sponte continuances are continuances "granted other than on the accused's own motion." R.C. 2945.72(H). To toll the speedy trial time, the record must reflect that the period of the continuance was "reasonable." To satisfy that standard, "when sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial."**

*State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2012-Ohio-6187, ¶12 (quoting

*State v. Mincy*, 2 Ohio St.3d 6, 9, 441 N.E.2d 571 (1982)).  The reasonableness of

the delay is determined based upon the specific facts and circumstances of each

case.  *State v. Daugherty*, 110 Ohio App.3d 103, 673 N.E.2d 664 (3d Dist. 1996).

This court has previously held that delaying proceedings until the next available

date was a reasonable delay.  *See Id.* and *State v. Glass*, 3d Dist. Auglaize No. 2-

04-01, 2004-Ohio-4402.

{¶6} In this case, Kesler was unable to pay the $30,000 bond, so he remained in custody since his arrest on April 19, 2013. Thus, his time is calculated as three days for each day he spent in jail awaiting trial. This means that the State had 90 days to bring Kesler to trial, or until July 19, 2013. The trial was not scheduled until July 25, 2013, six days outside of the speedy trial requirements.

{¶7} Once it has been determined that the trial date is outside of the speedy trial limits, the next issue to be addressed is whether the time for trial could be extended for any of the statutory reasons. The trial court in this case provided two instances in which it extended the time for trial. The first was the five days between when the arraignment was scheduled and when it actually occurred. According to the record, the arraignment was delayed due to the unavailability of appointed counsel on the original date. The court stated that it was concerned because it was unusual for counsel to not appear. May 15, 2013 Tr. 3. The trial court stated "I'm gonna continue the arraignment because I suspect he would like me to reconsider bond as well, at least I suspect so." *Id*. The original date of arraignment was on Wednesday, May 15, 2013. When counsel was unavailable, the trial court sua sponte continued the arraignment until counsel could be present. The trial court specified in its journal entry of May 15, 2013, that defense counsel "was not available and the Court finds that this matter should be continued." Doc.

10. The hearing was rescheduled until Monday, May 20, 2013. This was a mere three business days later. Kesler had specifically requested counsel and was indigent. The delay of three business days, or five days total was not unreasonable. The delay was a mere three business days to allow counsel to be present and to possibly raise additional issues. In fact, at the arraignment, trial counsel did ask the trial court to reconsider bail. The trial court filed a journal entry setting forth the reason for the delay and the length of the delay prior to the expiration of the time for the trial. A review of the record indicates that the delay was reasonable. Thus, pursuant to R.C. 2945.72(H), this delay, although not on the motion of either party was a reasonable delay that can be used to extend the trial date. The trial date was therefore correctly extended to July 24, 2013.

{¶8} The second extension the trial court found was the failure of defense counsel to respond to its reciprocal duty to provide discovery as required by Criminal Rule 16.

> **(A)  This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large.  All duties and remedies are reciprocal.** *Once discovery is initiated by demand of the defendant, all parties have a continuing duty to supplement their disclosures.*

Crim.R. 16(A) (emphasis added).  The State argues that since it provided discovery to Kesler on May 15, 2013, Kesler had a reciprocal duty to respond to it

within 30 days, as set forth by *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011. However, this case is distinguishable from *Palmer*. In *Palmer*, the defendant filed a motion for discovery on April 28, 2004. The State then responded to the motion for discovery and requested reciprocal discovery. The reciprocal requirements of Criminal Rule 16 for discovery are triggered by the request for discovery by the defendant.

{¶9} Further support for the above position is found in the Supreme Court's opinion of *State v. Athon*, 136 Ohio St.3d 43, 2013-Ohio-1956, 989 N.E.2d 1006. In *Athon*, the defense did not request discovery from the State, but did make a public records request. The Supreme Court determined that although the defendant may make a public records request, the same information could have been obtained through a discovery request to the State. "When an accused directly or indirectly makes a public records request for information that could be obtained from the prosecutor through discovery, the request is the equivalent of a demand for discovery and triggers a duty to provide reciprocal discovery as contemplated by Crim.R. 16." *Id.* at ¶ 19. Although this case did not specifically address the issue before us, it does indicate that the reciprocal duty imposed by Criminal Rule 16 must be triggered by an action of the defendant.

{¶10} In our case, no action was taken by the defendant that would trigger the reciprocal duty to provide discovery pursuant to Criminal Rule 16. The State

voluntarily presented discovery before Kesler was even arraigned. The reciprocal duty of discovery is not triggered by the State's filing of discovery, regardless of the State labelling it as an answer to discovery request, but by the request for discovery or an equivalent action of the defendant. That did not occur in this case. Thus, the defendant had no duty to provide discovery pursuant to the rule. This also means that the trial court erred in extending the time for trial based upon Kesler's failure to provide timely discovery.

{¶11} Having determined that the trial court erred in extending the time for trial based on the failure to provide reciprocal discovery within 30 days, we now look to the record to see if there are any other statutorily provided reasons for an extension. According to the record, Kesler was originally scheduled for an initial hearing on April 22, 2013, but requested a continuance until April 26, 2013. Doc. 1. This continuance request was made by Kesler himself and he specifically requested a delay until April 26, 2013. Pursuant to R.C. 2945.72(E), any delay caused by the filing of a motion by the accused extends the time for the trial. Thus, Kesler's motion for a continuance extended the time for trial by four days. The deadline for bringing Kesler to trial was therefore extended until July 28, 2013. Since Kesler was tried on July 25, 2013, the trial court did not err in denying his motion to dismiss for violation of his statutory right to a speedy trial. The first assignment of error is overruled.

{¶12} In the second assignment of error, Kesler claims that his trial counsel was ineffective. "Reversal of convictions on ineffective assistance requires the defendant to show 'first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano, 96 Ohio St.3d 94, 2002–Ohio–3751, ¶ 105, 772 N.E.2d 81. The defendant must show that there was a reasonable probability that but for counsel's error, the result of the trial would have been different. Id. at ¶ 108.

{¶13} Here, Kesler claims that his counsel was ineffective for not responding to the State's request for discovery within thirty days. This court has previously addressed this issue and found that the reciprocal duty to respond to the State's discovery was not triggered pursuant to Criminal Rule 16 because Kesler never requested discovery. Since Kesler's counsel had no reciprocal duty to respond, he was not ineffective for failing to respond within thirty days. For this reason, the second assignment of error is overruled.

{¶14} Having found no prejudice in the particulars assigned and argued, the judgment of the Court of Common Pleas of Seneca County is affirmed.

***Judgment Affirmed***

**ROGERS and PRESTON, J.J., concur.**

**/jlr**