[Cite as *State v. Shaffer*, 2022-Ohio-421.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 11-21-05

    v.

JEREMY E. SHAFFER,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Trial Court No. CR-19-641

Judgment Affirmed

Date of Decision: February 14, 2022

APPEARANCES:

    *Timothy C. Holtsberry* for Appellant

    *Joseph R. Burkard* for Appellee

Case No. 11-21-05

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Jeremy E. Shaffer ("Shaffer"), appeals the September 9, 2021 judgment entry of sentence of the Paulding County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On December 12, 2019, the Paulding County Grand Jury indicted Shaffer on a single count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony.[1] (Doc. No. 1). On December 20, 2019, Shaffer appeared for arraignment and entered a plea of not guilty. (Doc. No. 10).

{¶3} On February 18, 2020, Shaffer filed a motion to suppress evidence, which the trial court denied on August 5, 2020. (Doc. Nos. 15, 25).

{¶4} On March 22, 2021, the State filed a motion to join this case with another case involving Shaffer. (Doc. No. 44). The trial court granted the State's motion on April 1, 2021 and joined the cases for trial. (Doc. No. 48). On April 23, 2021, Shaffer filed a motion to sever the indictments along with a motion to dismiss this case. (Doc. No. 49). On May 5, 2021, the State filed a memorandum in opposition to Shaffer's motions to sever and dismiss. (Doc. No. 50). On May 11, 2021, Shaffer filed his reply to the State's memorandum in opposition to his motions to sever and dismiss. (Doc. No. 51). The trial court denied Shaffer's motions on May 25, 2021. (Doc. No. 52).

---

[1] On July 14, 2020, the indictment was amended to correct a typographical error. (Doc. Nos. 23, 24).

{¶5} On July 28, 2021, Shaffer filed a motion to dismiss the indictment alleging a violation of his speedy-trial rights, which the trial court denied. (Doc. Nos. 64, 66).

{¶6} The case proceeded to a jury trial on August 3-4, 2021. (Doc. No. 68). On August 4, 2021, the jury found Shaffer not guilty of felonious assault but guilty of the lesser included offense of assault.[2] (Doc. Nos. 68, 69).

{¶7} On September 8, 2021, the trial court sentenced Shaffer to two years of community-control sanctions, including 180 days in jail, with 90 days suspended conditioned on his compliance with his community-control sanctions. .[3] (Doc. No. 71).

{¶8} Shaffer filed his notice of appeal on October 5, 2021 and raises one assignment of error.

## Assignment of Error

**Trial Court Violated the Constitutional and Statutory Speedy Trial Rights of the Appellant.**

{¶9} In his sole assignment of error, Shaffer argues that the trial court erred by denying his motion to dismiss the indictment alleging that his speedy-trial rights were violated.

---

[2] The jury found Shaffer not guilty of the charge in the other case joined for trial with this case. (Doc. Nos. 68, 69).
[3] The trial court filed its judgment entry of sentence on September 9, 2021. (Doc. No. 71).

*Standard of Review*

{¶10} "Appellate review of a trial court's decision on a motion to dismiss for a speedy-trial violation involves a mixed question of law and fact." *State v. Westerfield*, 3d Dist. Crawford No. 3-17-15, 2018-Ohio-2139, ¶ 17, citing *State v. James*, 4th Dist. Ross No. 13CA3393, 2014-Ohio-1702, ¶ 23. "'Accordingly, a reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence but will independently review whether the trial court correctly applied the law to the facts of the case.'" *State v. Gartrell*, 3d Dist. Marion No. 9-14-02, 2014-Ohio-5203, ¶ 104, quoting *State v. Hansen*, 3d Dist. Seneca No. 13-12-42, 2013-Ohio-1735, ¶ 20, citing *State v. Masters*, 172 Ohio App.3d 666, 2007-Ohio-4229, ¶ 11 (3d Dist.). *See also Westerfield* at ¶ 17.

*Analysis*

{¶11} "An accused is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Ohio Constitution, Article I, Section 10." *State v. Ferguson*, 10th Dist. Franklin No. 16AP-307, 2016-Ohio-8537, ¶ 12, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 32. "Ohio's speedy trial statutes, found in R.C. 2945.71 et seq., were implemented to enforce those constitutional guarantees." *Id.*, citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996) and *State v. Blackburn,* 118 Ohio

St.3d 163, 2008-Ohio-1823, ¶ 10. "The proper standard of review in speedy trial cases is to simply count the number of days passed, while determining to which party the time is chargeable, as directed in R.C. 2945.71 and 2945.72." *Id.*, citing *State v. Jackson*, 10th Dist. No. 02AP-468, 2003-Ohio-1653, ¶ 32, citing *State v. DePue*, 96 Ohio App.3d 513, 516 (4th Dist.1994).

{¶12} "R.C. 2945.71 provides the timeframe for a defendant's right to a speedy trial based on the level of offense." *State v. Matland*, 7th Dist. Mahoning No. 09-MA-115, 2010-Ohio-6585, ¶ 19. "[A] person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). "The date of the arrest is not included for the purpose of calculating time under the statutes for a speedy trial." *State v. Taylor*, 3d Dist. Allen No. 1-13-46, 2014-Ohio-1793, ¶ 27, citing *State v. Huston*, 3d Dist. Wyandot Nos. 16-05-23 and 16-05-24, 2006-Ohio-6857, ¶ 7. "However, each day the defendant spends in jail solely on the pending criminal charge counts as three days." *Matland* at ¶ 19, citing R.C. 2945.71(E).

{¶13} "R.C. 2945.72 allows for an extension of the time that the accused must be brought to trial under certain circumstances." *Taylor* at ¶ 28. Excluded from the speedy trial calculation is "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). This includes a motion by the defendant for discovery

or for a bill of particulars, which tolls the speedy-trial clock as long as the State responds to the motion within a reasonable amount of time. *Gartrell*, 2014-Ohio-5203, at ¶ 107. *See also State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 26. "In addition, '[a]s long as the trial court's disposition occurs within a reasonable time, a defendant's motion to suppress tolls the speedy trial clock from the time the defendant files the motion until the trial court disposes of the motion.'" *Id.*, quoting *State v. Curtis*, 3d Dist. Marion No. 9-02-11, 2002-Ohio-5409, ¶ 12.

{¶14} Also excluded from the speedy-trial calculation is "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). "'[I]t is well-established that a defense motion to continue trial tolls the speedy trial clock until the rescheduled trial date.'" *Gartrell* at ¶ 108, quoting *State v. Caulton*, 7th Dist. Mahoning No. 09 MA 140, 2011-Ohio-6636, ¶ 33, citing R.C. 2945.72(H) and *State v. Brown*, 7th Dist. Mahoning No. 03-MA-32, 2005-Ohio-2939, ¶ 41, and citing *State v. Quinnie*, 10th Dist. Franklin No. 12AP-484, 2013-Ohio-1208, ¶ 8. "However, an accused's motion to continue a trial does not "'unconditionally extend the time limit in which an accused must be brought to trial * * * ."'" *Id.*, quoting *State v. Johnson*, 3d Dist. Marion No. 9-10-47, 2011-Ohio-994, ¶ 22, quoting *State v. Arrizola*, 79 Ohio App.3d 72, 75 (3d Dist.1992). "Rather, the speedy-trial time

limit 'is "merely extended by the time necessary in light of the reason for delay."'" *Id.*, quoiting *Arrizola* at 75, quoting Committee Comment to H.B. 511.

{¶15} "'Sua sponte continuances are continuances "granted other than on the accused's own motion"' and toll the speedy-trial time as long as the record reflects 'that the period of the continuance was "reasonable."'" *Id.* at ¶ 109, quoting *State v. Kesler*, 3d Dist. Seneca No. 13-13-15, 2014-Ohio-3376, ¶ 5, quoting *State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2012-Ohio-6187, ¶ 12. "'The reasonableness of the delay is determined based upon the specific facts and circumstances of each case.'" *Id.*, quoting *Kesler* at ¶ 5, citing *State v. Daugherty*, 110 Ohio App.3d 103, 104 (3d Dist.1996).

{¶16} "If the State fails to meet the statutory time limits, then the trial court must discharge the defendant." *Matland*, 2010-Ohio-6585, at ¶ 19, citing R.C. 2945.73. "The Supreme Court of Ohio has 'imposed upon the prosecution and the trial courts the mandatory duty of complying' with the speedy-trial statutes." *Id.*, quoting *State v. Singer*, 50 Ohio St.2d 103, 105 (1977). Consequently, "the speedy-trial provisions are strictly construed against the State." *Id.*, citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996) and *Singer* at 105.

{¶17} In this case, (because the record is unclear) the speedy-trial clock began to run sometime between November 23, 2019 and November 26, 2019. (*See* Doc. No. 4). That is, the record does not reflect the date on which Shaffer was

arrested; rather, the record reflects that a warrant for Shaffer's arrest was issued on November 22, 2019 and that Shaffer appeared in the Paulding County Court on November 25, 2019. (*Id.*). Resolving the ambiguity in Shaffer's favor, we will assume that the speedy-trial clock began to run on the day after the arrest warrant was issued in this case.

{¶18} Therefore, assuming that the speedy-trial clock began to run on November 23, 2019, and his trial commenced on August 3, 2021, we look to whether the speedy-trial period was tolled by at least 349 days. Here, speedy-trial time ran for 13 days before it was tolled as a result of Shaffer's December 6, 2019 motion to continue the preliminary hearing. (*Id.*). However, before the preliminary hearing could be conducted, Shaffer was indicted by the Paulding County Grand Jury on December 12, 2019. Shaffer was served on December 13, 2019 and he appeared for arraignment on December 20, 2019. Even if we consider the speedy-trial clock to have restarted on the day after the earlier of those two dates, the State brought Shaffer to trial within the time limits set forth under R.C. 2945.71. *See State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, ¶ 24; *State v. Michailides*, 8th Dist. Cuyahoga No. 105966, 2018-Ohio-2399, ¶ 27; R.C. 2945.71(C)(2).

{¶19} Nevertheless, Shaffer does not dispute that his various motions tolled the speedy-trial time for the 24-day period from December 20, 2019 to January 13, 2020. Thereafter, the speedy-trial time ran for 36 days from January 13, 2020 to

February 18, 2020, on which day Shaffer filed a motion to suppress. Shaffer's motion to suppress tolled the speedy trial time for the 169-day period from February 18, 2020 to August 5, 2020, on which day the trial court denied Shaffer's motion to suppress.[4] Furthermore, even though the speedy-trial time was tolled until August 5, 2020, the parties agreed on February 21, 2020 to continue the April 14, 2020 trial until "a later time." (Doc. No. 16). *See State v. Christian*, 7th Dist. Mahoning No. 12 MA 164, 2014-Ohio-2590, ¶ 13 ("Joint motions for continuance toll a defendant's speedy trial time because they can be attributed to both parties.").

{¶20} After the trial court denied Shaffer's motion to suppress, the speedy-trial clock ran for 60 days from August 5, 2020 to October 4, 2020, on which day Shaffer was arrested for violating the conditions of his recognizance bond. (*See* Doc. No. 33). Assuming without deciding that the triple-count provision provided under R.C. 2945.71(E) applies here, we will apply the triple-count provision to the day that Shaffer was (presumably) held in jail until the bond hearing on October 5, 2020 (a total of 3 days). *See State v. Franz*, 3d Dist. Logan No. 8-96-1, 1996 WL 310038, *4-6 (June 4, 1996).

{¶21} Nevertheless, when the speedy-trial clock resumed its typical calculation on October 6, 2020, the State suggests that it ran for 14 days to October

---

[4] The trial court sua sponte continued the April 14, 2020 suppression hearing until June 10, 2020 due to concerns from the Covid-19 pandemic. (Doc. No. 17). The trial court again sua sponte continued the suppression hearing until July 6, 2020 without providing a reason. (Doc. No. 18). *See In re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636, ¶ 7.

20, 2020, when it moved on September 24, 2020 for a continuance. "Continuances granted on the State's motion will toll the running of speedy trial time if the continuance is reasonable and necessary under the circumstances of the case." *State v. Williamson*, 5th Dist. Licking No. 2005 CA 00046, 2005-Ohio-6198. ¶ 32, citing *State v. Saffell*, 35 Ohio St.3d 90, 91 (1988). "The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record." *State v. Hayman*, 3d Dist. Seneca No. 13-09-22, 2010-Ohio-1264, ¶ 22. Here, the State asserted that a continuance was necessary because another case in which the defendant was "incarcerated at the Paulding County Jail" "must take priority over this case." (Doc. No. 30). The trial court granted the State's motion and continued trial until December 1, 2020. Accordingly, the State alleges that the time between October 20, 2020 and the new trial date, December 1, 2020, was tolled for speedy-trial purposes. However, even if we assume without deciding that the State's continuance request did not toll the speedy-trial time, Shaffer was still brought to trial within the time limits set forth in R.C. 2945.71. *See State v. Knight*, 2d Dist. Greene No. 03-CA-014, 2005-Ohio-3179, ¶ 31.

{¶22} Therefore, proceeding under that assumption, the speedy-trial clock ran for 37 days to from October 6, 2020 to November 12, 2020, on which day the trial court sua sponte continued trial date until April 6, 2021 due to concerns from the Covid-19 pandemic. The parties do not dispute that the trial court's sua sponte

continuance tolled the speedy-trial time for 145 days. *See In re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636, ¶ 7. Furthermore, even if the speedy-trial time had not been tolled as a result of the trial court's sua sponte continuance, Shaffer's motions to continue trial independently tolled the speedy-trial time an additional 77 days until June 22, 2021—the new trial date set by the trial court. *Accord Gartrell*, 2014-Ohio-5203, at ¶ 112.

{¶23} Thereafter, the trial court sua sponte (filed on July 8, 2021) continued trial until August 3, 2021 "due to illness of counsel." (Doc. No. 56). It is reasonable for this court to conclude that the speedy-trial time was tolled by the trial court's sua sponte continuance until August 3, 2021—the new trial date set by the trial court. *See State v. Camp*, 5th Dist. Licking No. 93-CA-11, 1993 WL 364955, *1 (Aug. 18, 1993) ("The trial court's order of continuance was entered prior to the expiration of the speedy trial time limit and was necessitated by the prosecutor's illness."); *S. Euclid v. Schutt*, 8th Dist. Cuyahoga No. 108510, 2020-Ohio-3661, ¶ 26-28. *See also State v. Madden*, 10th Dist. Franklin No. 04AP-1228, 2005-Ohio-4281, ¶ 46. Nevertheless, even if we conclude that the trial court's sua sponte continuance was unreasonable since under the circumstances (which we do not), Shaffer was nevertheless brought to trial within the time limits under R.C. 2945.71.

{¶24} That is, even assuming (without deciding) that the trial court's continuance was unreasonable, the speedy-trial clock ran for 34 days from June 22,

2021 to July 26, 2021, on which day Shaffer was arrested for violating the conditions of his recognizance bond. (*See* Doc. No. 62). Again, assuming without deciding that the triple-count provision provided under R.C. 2945.71(E) applies here, we will apply the triple-count provision to the day that Shaffer (presumably) was held in jail until the bond hearing on July 27, 2021 (a total of 3 days). The speedy-trial clock resumed for 1 day until it was again tolled as a result of July 28, 2021 Shaffer's motion to dismiss. Shaffer's motion to dismiss tolled the speedy-trial time for the 6-day period from July 28, 2021 to August 3, 2021, on which day the trial court denied Shaffer's motion to dismiss.

{¶25} The total number of days during which the speedy-trial time was tolled between Shaffer's (assumed) November 23, 2019 arrest and August 3, 2021 is 421 days, well over the 349 days needed to avoid a speedy-trial violation. *Accord Gartrell*, 2014-Ohio-5203, at ¶ 115. Consequently, Shaffer's speedy-trial rights were not violated.

{¶26} Shaffer's assignment of error is overruled.

{¶27} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**